**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| JANE DOE (S.J.C.) an individual,<br><br>Plaintiff,<br><br>v.<br><br>G6 HOSPITALITY, L.L.C.; G6 HOSPITALITY IP, L.L.C.; G6 HOSPITALITY PROPERTY, L.L.C.; G6 HOSPITALITY PURCHASING, L.L.C.; G6 HOSPITALITY FRANCHISING, L.L.C.; MOTEL 6 OPERATING, L.P.; and LEXICON HOSPITALITY, LLC,<br><br>Defendants. | ) | Civil Action No.:<br><br>9:24-CV-00104 |

**LEXICON HOSPITALITY, LLC'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

COMES NOW Defendant Lexicon Hospitality, LLC ("Lexicon" or "Defendant"), by and through undersigned counsel, and submits this Motion to Dismiss Plaintiff's Complaint and Brief in Support, respectfully showing the Court that Plaintiff's Complaint must be dismissed in its entirety as against Lexicon for lack of personal jurisdiction.

## I. INTRODUCTION AND STATEMENT OF THE ISSUES FOR DETERMINATION

Plaintiff cannot maintain this action against Lexicon for at least two reasons. First, Lexicon is not subject to personal jurisdiction in this Court because Lexicon does not have minimum contacts with the State of Texas as a result of any activities

being purposefully directed at Texas, and even if Lexicon did have sufficient contacts with Texas, Plaintiff's claim does not arise out of such contacts. Second, Plaintiff fails to state a claim upon which relief could be granted because Plaintiff's Complaint is devoid of any allegation that Lexicon was an active participant in any venture with any alleged trafficker, which active participation is required in order to maintain an action under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1581 *et seq*. (the "TVPRA").

The issues for determination are: (1) whether Plaintiff's Complaint sets forth sufficient factual allegations that, if true, would entitle Plaintiff to relief against Lexicon; and (2) whether Lexicon is subject to Personal Jurisdiction in this Court.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff filed her Complaint on May 31, 2024. [Complaint, Doc. 1.]. Plaintiff alleges that between June 1, 2014 and December 2014, she was trafficked at a Motel 6 facility located at 2360 Delk Road, Marietta, GA 30067 (the "Motel 6 Marietta"). [Doc. 1, ¶ 27.].

Critically, Plaintiff makes no allegation whatsoever that Lexicon actively assisted or aided any alleged trafficker. Rather, Plaintiff merely alleges that Lexicon "knew or should have known about the pervasive sex trafficking at the Motel 6 locations" or that it had "opportunity to prevent" Plaintiff's trafficking based on "obvious indicators" of sex trafficking occurring at undefined Motel 6 locations.

[Doc. 1, ¶¶ 59, 7.].[1] Moreover, Plaintiff's sole allegation that Lexicon participated in a scheme to traffick her, is that Lexicon "derived financial benefit," in the form of revenues obtained through the renting out of rooms "at any Motel 6 location." [Doc. 1, ¶¶ 6, 79.].

Plaintiff does not allege that she was trafficked in Texas, that Lexicon participated in an alleged trafficking venture as to Plaintiff in Texas, or that Lexicon undertook any activities in Texas in connection with her alleged trafficking. [*See generally*, Doc. 1.]. Rather, Plaintiff alleges that Lexicon is subject to personal jurisdiction in this Court solely as a result of Lexicon's "relationship with the G6 Defendants,[2] which have their principal place of business" in Carrollton, Texas. [Doc. 1, ¶¶ 12-17, 26.].

## III. ARGUMENT AND CITATION OF AUTHORITY

### A. Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

---

[1] Plaintiff does not define which "locations" she believes Lexicon should have knowledge of, and in any event Plaintiff's general allegations about the nature of sex trafficking cite to various nationwide customer reviews, media reports, online articles, and purported studies that are not specific to the Motel 6 Marietta. [Doc. 1, ¶¶ 2-5, 30-56.]. Significantly, none of Plaintiff's general allegations, even if proven true, establish that Lexicon was an active participant in a scheme to traffick Plaintiff S.J.C.

[2] Lexicon adopts Plaintiff's definition of "G6 Defendants." [Doc. 1, ¶ 18.].

is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it "stops short of the line between possibility and plausibility" and will not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, courts must accept "all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party." *Molzan v. Bellagreen Holdings, L.L.C.*, 112 F.4th 323, 331 (5th Cir. 2024). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* (quoting *Twombly*, 550 U.S. at 557). Accordingly, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**B. <u>Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2).</u>**

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. *Samuel v. Signal International, L.L.C.*, No. 1:13-cv-323, 2014 WL 2621690 at *1 (E.D. Tex. June 12, 2014). On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of presenting facts sufficient to constitute a prima facie case of personal jurisdiction over the defendant. *Samuel*, 2014 WL 2621690 at *1.

Parties who are not residents of Texas are subject to personal jurisdiction consistent with the Due Process Clause of the U.S. Constitution. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) ("Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis.").

Under the Due Process Clause, specific personal jurisdiction exists when "(1) the defendant engages in minimum contacts that are purposefully directed at the forum state, (2) there is a nexus between the defendant's contacts and the plaintiff's claims, and (3) the exercise of jurisdiction over the defendant is fair and reasonable." *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp.3d 672, 688 (E.D. Tex. 2020) (cleaned up). Conduct is sufficient to create minimum contacts only when the defendant "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Central*

*Freight Lines, Inc.*, 322 F.3d at 381, *citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). A defendant will not be subject to personal jurisdiction in a forum unless the plaintiff's claim arises out of the defendant's contacts with that forum state. *Wheel-Source, Inc. v. Gullekson*, No. 3:12-cv-1500, 2013 WL 944430 at *3 (N.D. Tex. Mar. 12, 2013).

When determining whether the exercise of personal jurisdiction over a defendant is fair and reasonable, the Court must consider (1) the burden on the defendant having to litigate in the forum, (2) the forum state's interests in the lawsuit, (3) the plaintiff's interests in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the state's shared interest in furthering fundamental social policies. *Wheel-Source, Inc. v. Gullekson*, 3:12-CV-1500-M, 2013 WL 944430, at *3 (N.D. Tex. Mar. 12, 2013) *citing Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.*, 9 F.3d 415, 421 (5th Cir.1993).

**C. <u>Plaintiff Fails to State a Claim under the TVPRA.</u>**

Plaintiff's Complaint fails to plead sufficient facts that, if proven true, would entitle Plaintiff to relief against Lexicon for violation of the TVPRA.[3] "To state a beneficiary claim under Section 1595(a), a plaintiff must plausibly allege that the defendant (1) knowingly benefitted, (2) from taking part in a common undertaking

[3] Lexicon adopts and incorporates by reference section V.C.1 of the G6 Defendants' Motion to Dismiss as if fully set forth herein. [Doc. 6, p. 20-22].

or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff*." *Jane Doe #1 v. Red Roof Inns, Inc.* 21 F.4th 714, 726 (11th Cir. 2021) (emphasis added).[4]

1. Plaintiff has failed to allege that Lexicon knowingly benefited from Plaintiff's alleged sex trafficking.

To establish a violation of 18 U.S.C. § 1591(a)(2) or a standalone civil claim under § 1595(a), a plaintiff must show that "the defendant received a valuable benefit" from participation in sex trafficking. *See, e.g., United States v. Flanders*, 752 F.3d 1317, 1338 (11th Cir. 2014). The controlling question is "whether [the trafficker] provided ... benefits to [the defendant] *because of* [the defendant's] facilitation of sexual misconduct." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp.3d 156, 170 (S.D.N.Y. 2019) (emphasis in original).

Moreover, to knowingly benefit is more than to merely benefit – the plain words of the statute necessarily entail an attendant mental state. *Geiss*, 383 F.

[4] Lexicon cites to case law promulgated by the 11th Circuit Court of Appeals because the 11th Circuit has been at the forefront of applying the TVPRA to the context of hotel franchisees such as Lexicon, and because the leading authority regarding hotel franchisee liability under the TVPRA, *i.e. Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 717 (11th Cir. 2021), has issued from that Court. District courts nationwide have relied upon *Red Roof Inns, Inc.* when applying the TVPRA to hotel franchisees. [*See* Doc. 6, p. 2-3.].

Supp.3d at 169. This element of the claim requires not only a causal connection between *affirmative conduct* advancing the alleged sex-trafficking and the receipt of the alleged benefit, but that the benefit is received with knowledge of, and on account of, that causal relationship. *See United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (requiring "'overt act' that furthers the sex trafficking aspect of the venture," not "mere negative acquiescence.").

Plaintiff fails to allege even one specific instance of Lexicon receiving some benefit with knowledge of, and on account of, the alleged exploitation of Plaintiff. [*See generally*, Doc. 1.]. Rather, Plaintiff's Complaint alleges that Lexicon is a franchisee operating a common lodging facility, and the only allegations as to any benefit obtained by Lexicon are that it obtained "revenue every time a room was rented *at any Motel 6 location*." [Doc. 1, ¶ 79 (emphasis added).].

This generalized allegation, even if proven true, is insufficient to establish Lexicon's liability as to Plaintiff because Plaintiff has not alleged, and cannot prove, that Lexicon had any specific knowledge of the alleged trafficking of Plaintiff, or that it received revenues from any other Motel 6 location, or that any revenues generated at any Motel 6 location, including the Motel 6 Marietta, were obtained by virtue of the alleged trafficking of Plaintiff. *See Geiss*, 383 F. Supp. at 170; *Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) (granting summary judgment where the

plaintiff failed to show a payment as "quid pro quo for the sex acts" and failed to show that the defendants "were compensated 'on account of' the sex acts.").

Even accepting Plaintiff's allegations as true, because Plaintiff has failed to allege that Lexicon received a benefit specifically arising out of the alleged exploitation of Plaintiff, Plaintiff has failed to state a claim against Lexicon under the TVPRA, and Plaintiff's claim must be dismissed.

2. Plaintiff has failed to allege that Lexicon participated in a sex trafficking venture.

To state a claim under the TVPRA, a plaintiff must make sufficient factual allegations that the defendant knowingly, voluntarily, and actually participated in a trafficking venture.

A trafficking "venture" is defined as "any group of two or more individuals associated in fact." 18 U.S.C. § 1591(e)(6). "[P]articipation in a venture" means "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1) [sex trafficking]." 18 U.S.C. § 1591(e)(4). "[A] sex trafficking venture cannot be "any 'association' of people for any purpose," instead "participation" requires an "'overt act' that furthers the sex trafficking aspect of the venture," not "mere negative acquiescence." *See Afyare*, 632 F. App'x at 286. "The participation giving rise to the benefit must be participation in a sex-trafficking venture, not participation in other activities engaged in by the sex traffickers that do not further the sex-trafficking aspect of their venture." *Geiss*, 383 F. Supp.3d at 169.

Moreover, Plaintiff must sufficiently allege that "'the venture in which [Defendants] participated and from which [they] knowingly benefited ... violated the TVPRA as to [Plaintiff]' and whether Defendants had 'actual or constructive knowledge that the venture—in which [they] voluntarily participated and from which [they] knowingly benefited—violated the TVPRA as to Plaintiff'." *C.C. v. H.K. Grp. of Co.*, No. 1:21-CV-1345-TCB, 2022 WL 467813, at *4 (N.D. Ga. Feb. 9, 2022); *citing Jane Doe #1 v. Red Roof Inns, Inc.* 21 F.4th at 724.

Plaintiff has not alleged, and cannot prove, that Lexicon made any voluntary, overt acts in furtherance of the alleged exploitation of Plaintiff, with either actual or constructive knowledge that Plaintiff specifically was being trafficked. Rather, Plaintiff's sole substantive allegation making any connection between Plaintiff and the Motel 6 Marietta is that "[d]efendants had the knowledge and opportunity to prevent the severe and permanent harm that [Plaintiff] experienced." [Doc. 1, ¶ 7.]. This allegation falls far short of establishing any knowing and voluntary overt act in furtherance of the alleged exploitation of Plaintiff. *See Doe #1 v. Red Roof Inns, Inc*. 21 F.4th at 727 ("***observing something is not the same as participating in it***") (emphasis added). Accordingly, Plaintiff has failed to state a claim against Lexicon for violation of the TVPRA and Plaintiff's TVPRA claim must be dismissed.

Even accepting Plaintiff's allegations as true, Plaintiff has failed to allege that Lexicon was a knowing and voluntary participant in a venture to exploit Plaintiff;

rather, Plaintiff's complaint appears to be that Lexicon might have done more to discover that Plaintiff was the victim of trafficking, or that if Lexicon had identified Plaintiff as a trafficking victim, it might have taken some unidentified, hypothetical steps to prevent Plaintiff's alleged exploitation. These allegations fall far short of the allegations necessary to sustain a claim under the TVPRA, as they do not in any way allege that Lexicon was a knowing and voluntary participant in cooperation with any alleged trafficker to carry out the exploitation of the Plaintiff.

For the same reasons, Plaintiff's allegations about the general nature of sex trafficking are insufficient to state a claim against Lexicon for violation of the TVPRA, as they are neither germane to Lexicon's activities or operations, nor do they establish any knowing and voluntary act by Lexicon in furtherance of the alleged trafficking of the Plaintiff.

Accordingly, Plaintiff's Complaint has not sufficiently pled any instance of participation in a trafficking venture by Lexicon against the Plaintiff, and Plaintiff's TVPRA claim must be dismissed.

3. Plaintiff has failed to allege that Lexicon had actual or constructive knowledge of any alleged trafficking venture as to Plaintiff.

To state a claim for a violation of § 1591(a)(2), a complaint must allege facts plausibly suggesting that the defendant knew or recklessly disregarded that the plaintiff was being forced or coerced to commit commercial sex acts. *See* 18 U.S.C. § 1591(a)(2). The phrase "participation in a venture" in 18 U.S.C. § 1591 imports a

state of mind requirement – the participation must be "knowing." *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp.3d 959, 969 (S.D. Ohio 2019). *See also Doe #1 v. Red Roof Inns, Inc.* 21 F.4th at 727 ("observing something is not the same as participating in it.").

A claim under § 1595(a) requires facts plausibly suggesting that the defendant should have known that the plaintiff was being forced or coerced to commit commercial sex acts. *See* 18 U.S.C. 1595(a). Plaintiff must also allege that the defendant knew or acted in reckless disregard of the fact that *force, threats of force, fraud, or coercion* would be used to cause the person to engage in a commercial sex act, or that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act. *See U.S. v. Robinson*, 702 F.3d 22, 32 (2012). ("Federal courts have used the 'should have known' standard in Section 1595(a) similarly to the reckless disregard standard from Section 1591(a)(2).").

In *Ricchio v. McLean*, 853 F.3d 553, 555-56, 558 (1st Cir. 2017), the Court held that the complaint adequately alleged TVPRA violations against a hotel owner where the hotel owner allegedly witnessed "several exhibitions of coercive and brutal behavior" by the trafficker, including the plaintiff's plea for help, making it "apparent" that the plaintiff was being held against her will as a "sex slave." *Id.* (emphasis added); *See also Noble v. Weinstein*, 335 F. Supp.3d 504, 524 (S.D.N.Y. 2018) ("Such conduct must have been undertaken with the knowledge, or in reckless

disregard of the fact, that it was furthering the alleged sex trafficking venture. In other words, some participation in the sex trafficking act itself must be shown.").

Here, Plaintiff's Complaint makes no allegations that Lexicon observed any threatening, violent, or coercive behavior toward Plaintiff, or that Plaintiff ever attempted to seek help from Lexicon or alert Lexicon to her alleged trafficking. [*See generally*, Doc. 1.].

Instead, Plaintiff's Complaint relies only on vague, generalized accusations concerning the nature of sex trafficking and alleges that Lexicon could have done more to prevent sex trafficking generally. These allegations have nothing to do with Plaintiff specifically, and even if proven true, they do not establish that Lexicon knowingly or by reckless disregard recruited, enticed, transported, advertised, patronized, solicited, or knowingly benefited from participation in sex trafficking venture as to Plaintiff. Because Plaintiff's Complaint fails to sufficiently plead facts that Lexicon had any actual knowledge, constructive knowledge, or reckless disregard of any alleged trafficking venture against Plaintiff, Plaintiff's TVPRA claim must be dismissed.

### D. Plaintiff Fails to State A Claim for Exemplary Damages Because Plaintiff is Not Entitled to Recover on Any Substantive Claim.

Texas law is clear and well-settled that in the absence of recovery on a substantive claim, a party is not entitled to recover exemplary or punitive damages. "[R]ecovery of punitive damages requires a finding of an independent tort with

accompanying actual damages. Texas law is uniform and clear that a finding of actual damages is a prerequisite to receipt of punitive damages. Without a finding of tort damages, [a plaintiff] is not entitled to any award of punitive damages." *Gaia Techs. Inc. v. Recycled Products Corp.*, 175 F.3d 365, 372–73 (5th Cir. 1999) (cleaned up, internal citations omitted).

For the reasons set forth in section III.C, *supra*, Plaintiff's TVPRA claim must be dismissed. Because Plaintiff is not entitled to any recovery on her substantive claim, Texas law forecloses any possibility that Plaintiff could recover exemplary or punitive damages.

Accordingly, Plaintiffs' claim for exemplary damages must be dismissed.

**E. <u>Plaintiff has not demonstrated that Lexicon is subject to Personal Jurisdiction in this Court.</u>**

Lexicon is not a resident of Texas such that it may be generally subject to personal jurisdiction in Texas. Moreover, in this case, Plaintiff has not demonstrated that Lexicon had sufficient contacts with Texas to give rise to specific jurisdiction over it, and in any event, Plaintiff's alleged injury does not arise out of or relate to any contacts Lexicon may have had with Texas. Accordingly, Plaintiff's Complaint must be dismissed against Lexicon for lack of personal jurisdiction.

1. <u>Lexicon is not a Texas Company.</u>

Courts may generally exercise personal jurisdiction over companies in the states in which they are incorporated and in which they maintain their principal place

of business. *NavSav Holdings, LLC v. Beber*, No. 1:23-CV-290, 2024 WL 1329786 at *2 (E.D. Tex. March 20, 2024).

Lexicon was a Georgia company with its principal place of business located in Georgia. [Exhibit 1, Declaration of Mohammed Sadrul Amin, ¶¶ 3-4.]. Lexicon maintained no office or registered agent in Texas. [Ex. 1, ¶ 5.]. Accordingly, Lexicon may only be subject to personal jurisdiction in the state and federal courts of Texas if such jurisdiction satisfies the specific personal jurisdiction analysis under the Due Process Clause.

2. Lexicon has not had minimum contacts with Texas.

Plaintiff's sole allegations underlying her claim that Lexicon is subject to personal jurisdiction in this Court are based on Lexicon's "relationship with the G6 Defendants," which is merely contractual in nature. [Doc. 1, ¶ 26; Ex. 1, ¶ 11.]. Plaintiff alleges that the Franchise Agreement between Lexicon and the G6 Defendants subjects Lexicon to personal jurisdiction in this Court because the Franchise Agreement creates reciprocal obligations between its parties, one of whom is located in Texas. This is not sufficient to establish personal jurisdiction over Lexicon. "[M]erely contracting with a resident of the forum state does not establish minimum contacts." *Danziger & De Llano, L.L.P. v. Morgan Verkamo, L.L.C.*, 24 F.4th 491, 500 (5th Cir. 2022). Although it is well-settled that specific personal jurisdiction may not be grounded on "random, fortuitous or attenuated contacts,"

that is precisely what Plaintiff asks the Court to do in this matter by referring to the Franchise Agreement. *Burger King Corp.*, 471 U.S. at 462.

Contrary to Plaintiff's characterization, the subject of the Franchise Agreement has nothing to do with Texas. Rather, the subject of the Franchise Agreement is the operation of the Motel 6 Marietta, located in Marietta, Georgia. [Ex. 1, ¶ 12.]. There are not sufficient minimum contacts when a non-resident defendant contracts with a Texas company but "did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986), *citing Moncrief Oil Int'l, Inc. v. Gazprom*, 481 F.3d 309, 311 (5th Cir. 2011).

That the G6 Defendants maintain their principal places of business in Texas, and that Lexicon entered into a contract with the G6 Defendants to conduct business in Georgia, is merely fortuitous and too attenuated to constitute purposeful availment that could lead to Lexicon being subject to specific jurisdiction in this Court.

3. Plaintiff's claim does not arise out of or relate to any contact Lexicon may have had with Texas.

"To be relevant for personal jurisdiction, past contacts should either bear on the substantive legal dispute between the parties or relate to the operative facts of the case. Thus, the action must *directly arise* out of the specific contacts between

the defendant and the forum state." *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009) (emphasis in original).

Plaintiff does not allege, nor could she prove, that Plaintiff's alleged trafficking arose out of Lexicon's entry into the Franchise Agreement with the G6 Defendants. The Franchise Agreement gave Lexicon the right to operate the Motel 6 Marietta under the "Motel 6" brand, however, all of Lexicon's operations were conducted in Georgia. [Ex. 1, ¶ 6.]. Lexicon maintained its only office and registered agent in Georgia. [*Id.*, ¶ 5.]. All employees of the Motel 6 Marietta conducted their duties for Lexicon in Georgia. [*Id.*, ¶ 7.]. All of Lexicon's revenues derived from operations conducted in Georgia. [*Id.*, ¶ 8.]. There was simply no activity by Lexicon directed toward Texas, other than being party to the Franchise Agreement with a Texas entity. [*Id.*, ¶¶ 3-12.]. And the Franchise Agreement between the Defendants certainly did not cause Plaintiff's alleged trafficking.

Accordingly, there is no basis whatsoever for determining that Plaintiff's claim directly arose out of any contacts Lexicon may have had with Texas, and absent such connection, Plaintiff cannot maintain her action in this Court.

4. <u>The exercise of Personal Jurisdiction over Lexicon in this Court would not be fair or reasonable.</u>

Courts consider four factors when determining if the exercise of personal jurisdiction over a non-resident defendant would be fair and reasonable. The factors are (1) the burden on the defendant having to litigate in the forum, (2) the forum

state's interests in the lawsuit, (3) the plaintiff's interests in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the state's shared interest in furthering fundamental social policies. *Gullekson*, 2013 WL 944430, at *3. Moreover, the Due Process concept of fairness centers on foreseeability. "[T]he foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp.*, 471 U.S. at 474.

It would be unduly burdensome to require Lexicon to litigate this matter in this Court because the acts and omissions Plaintiff alleges to have occurred, occurred in Georgia. All witnesses to such events, including the Plaintiff, are located in Georgia. All evidence underlying Plaintiff's claims and the Defendants' defenses are located in Georgia. Only Plaintiff's counsel, who maintain an office in the Eastern District of Texas, would find litigation in this Court convenient. For the same reasons, Plaintiff's interest in obtaining convenient and effective relief would be better served in a different forum, and the judicial system itself would be better served if this matter were in a Georgia court.

As to the second and fourth factors, Texas presumably has an interest in preventing sex trafficking, however, the interests of Georgia outweigh the interests of Texas, because while Georgia also has an interest in preventing sex trafficking,

Georgia has a specific interest in ensuring that Georgia companies and common lodging facilities in Georgia, such as Lexicon and the Motel 6 Marietta, are being operated in a lawful manner.

In this case, there is simply no logical connection between Plaintiff's claim and Texas. Plaintiff herself resides in Georgia. Lexicon is a resident of Georgia. The Motel 6 Marietta where Plaintiff was allegedly trafficked, is in Georgia. The Complaint is devoid of any allegation linking Plaintiff's claim to Texas other than the G6 Defendants maintaining their principal offices in Texas. This is insufficient to support the exercise of personal jurisdiction over Lexicon in this Court, as there is no possibility that Lexicon could have reasonably anticipated being haled into court on a TVPRA claim in the Eastern District of Texas.

## IV. CONCLUSION

Accordingly, Defendant Lexicon Hospitality, LLC respectfully requests that the Court grant this Motion to Dismiss and dismiss Plaintiff's Complaint as against Lexicon in its entirety, with prejudice.[5]

Respectfully submitted this 26th day of September, 2024.

[5] In the event the Court is not inclined to dismiss this matter, Lexicon requests that the Court transfer the matter to the Northern District of Georgia. Lexicon adopts by reference and incorporates section V.D of the G6 Defendants' Motion to Dismiss as regards the issue of transfer as if fully set forth herein. [Doc. 6, p. 25-28.].

**PETER F. SCHOENTHALER, P.C.**

*/s/ Peter Schoenthaler*
Peter F. Schoenthaler, Esq.
Georgia Bar No. 629789
6400 Powers Ferry Road NW
Suite 230
Atlanta, GA 30339
Tel: (404) 592-5397
Fax: (855) 283-8983
pfs@schoenthalerlaw.com
*Attorney for Defendant Lexicon Hospitality, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September, 2024, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

**PETER F. SCHOENTHALER, P.C.**

*/s/ Peter Schoenthaler*
Peter F. Schoenthaler, Esq.
Georgia Bar No. 629789
pfs@schoenthalerlaw.com
*Attorney for Defendant Lexicon Hospitality, LLC*